

FILED
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TX

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| Highmark, Inc., | § § § | |
| Plaintiff, | § | Civil No: 4:03 CV-1384-Y |
| v. | § § | Judge Terry R. Means |
| Allcare Health Management Systems, Inc., | § § | |
| Defendant. | § § | |

# PLAINTIFF HIGHMARK, INC.'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE AND RELATED CLAIMS AND AVERMENTS

Cynthia E. Kernick
Pa. ID #43912
Frederick H. Colen
Pa. ID #21833
Robert D. Kucler
Pa. ID #84222

REED SMITH LLP
435 Sixth Avenue
Pittsburgh, PA 15219
(412) 288-4176

and

Craig B. Florence
Texas State Bar No. 07158010
Robert Slovak
Texas State Bar No. 24013523

GARDERE WYNNE SEWELL L.L.P.
1601 Elm Street, Suite 3000
Dallas, TX 75201
(214) 999-3000

ATTORNEYS FOR PLAINTIFF
HIGHMARK, INC.

PGHLIB-1269379 02-CEKERNIC
January 9 2004 5:09 PM

## TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| I. | BACKGROUND | | 1 |
| | A. | Procedural Background | 1 |
| | B. | The Trigon Action | 3 |
| II. | ARGUMENT | | 5 |
| | A. | Legal Standard As To Judgment On The Pleadings | 5 |
| | B. | Standards for Collateral Estoppel and Res Judicata | 6 |
| | | 1. Res Judicata | 6 |
| | | 2. Collateral Estoppel | 7 |
| | C. | There Was No Final Judgment In The Trigon Action | 8 |
| | D. | Allcare Knew Before Filing Its Answer And Counterclaim That No Final Judgment Was Entered In The Trigon Action | 10 |
| III. | CONCLUSION | | 11 |

# TABLE OF AUTHORITIES

**CASES**      **PAGE**

Avondale Shipyards, Inc. v. Insured Lloyd's, 786 F.2d 1265 (5th Cir. 1986) .................................................................................................... 6

Barr v. Resolution Trust Corp., 837 S.W.2d 627 (Tex. 1992) ............................... 7

Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305 (5th Cir. 2002) ................................................................................ 5

Hebert Abstract Co. v. Touchstone Properties, Ltd., 914 F.2d 74 (5th Cir. 1987) .................................................................................................... 5, 8

Kasper Wire Works, Inc. v. Leco Eng'g & Mach., Inc., 575 F.2d 530 (5th Cir. 1978) .................................................................................................... 10

Perez v. Brown & Williamson Tobacco Corp., 967 F. Supp. 920 (S.D. Tex. 1997) ................................................................................................ 5

R.F. Delaware, Inc. v. Pacific Keystone Technologies, Inc., 326 F.3d 1255 (Fed. Cir. 2003) .................................................................................... 9, 10

RecoverEdge L.P. v. Pentecost, 44 F.3d 1284 (5th Cir. 1995) .............................. 7, 8

Royal Ins. Co. of Am. v. Quinn-L Capital Corp., 960 F.2d 1286 (5th Cir. 1992) .................................................................................................... 8

Southwest Airlines, Inc. v. Texas Int'l Airlines, Inc., 546 F.2d 84 (5th Cir. 1977) .................................................................................................... 7

Stripling v. Jordan Production Co., 234 F.3d 863 (5th Cir. 2000) ....................... 6

Texas Instruments, Inc. v. Linear Technologies Corp., 182 F. Supp. 2d 580 (E.D. Tex. 2002) .................................................................................. 10

United Technologies Corp. v. Chromalloy Gas Turbine Corp., 189 F.3d 1338 (Fed. Cir. 1999) ................................................................................ 6, 7

Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387 (5th Cir. 1995) ............ 9

Yerby v. Univ. of Houston, 230 F. Supp.2d 753 (S.D. Tex. 2002) ....................... 6, 7

**OTHER AUTHORITIES**

Restatement (Second) of Judgments § 13 (1982) ................................................. 6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | | |
|---|---|---|
| Highmark, Inc., | § § | |
| Plaintiff, | § § | Civil No: 4:03 CV-1384-Y |
| v. | § § | Judge Terry R. Means |
| Allcare Health Management Systems, Inc., | § § § | |
| Defendant. | § § | |

**PLAINTIFF HIGHMARK, INC.'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE AND RELATED CLAIMS AND AVERMENTS**

AND NOW COMES, Plaintiff, Highmark, Inc. ("Highmark") pursuant to Federal Rule of Civil Procedure 12(c) and hereby submits this Brief in Support of Plaintiff's Motion for Judgment on the Pleadings As To Defendant's Fifth Affirmative Defense and Related Claims and Averments ("Highmark's Motion") as follows:

## I. BACKGROUND

**A. Procedural Background**

On April 3, 2003, this action was commenced by Highmark through the filing of a Complaint for Declaratory Judgment in the United States District Court for the Western District of Pennsylvania. In response, on June 10, 2003, Defendant Allcare Health Management System, Inc. ("Allcare") filed a Motion to Dismiss the action for lack of jurisdiction. On November 13, 2003, Judge Gary L. Lancaster denied Allcare's Motion to Dismiss and transferred this action to the Northern District of Texas.

On December 16, 2003, Allcare filed an Answer and Counterclaim of Defendant in the Northern District of Texas (Fort Worth Division) asserting numerous Affirmative

Defenses and a single Counterclaim. Among these was its Fifth Affirmative Defense which averred as follows:

> As in for its fifth defense, Allcare shows that Highmark participated in the defense provided in the Trigon Action, with a common interested in the outcome of such earlier litigation respecting the patent-in-suit, and as a result is bound by the orders handed down in the Trigon Action by virtue of the doctrines of *res judicata* and collateral estoppel.

In addition, in its Counterclaim, Allcare pled in Paragraphs 10 through 18 certain allegations concerning an action subsequently dismissed with prejudice but originally filed in 2002 by Allcare against Trigon Health Care, Inc. in the Eastern District of Virginia at Civil Action No. 1:02 CV 756-A ("Trigon Action").[1] In the averments of Paragraphs 10 through 18, Allcare refined the assertion of "participation" by Highmark in the Trigon Action, set forth in its Fifth Affirmative Defense and relied upon to support its averments of res judicata and/or collateral estoppel. Principally, it averred: (1) that Highmark had communications with counsel to Trigon during the pendency of the litigation, and (2) that Highmark's counsel attended a court argument on summary judgment motions and jury selection in that case. Although invoking the Trigon Action, the Answer and Counterclaim are silent as to the resolution of the Trigon Action, however, the docket entries from the Eastern District of Virginia confirm that the Trigon Action was settled and all claims dismissed with prejudice before opening statements. *See* Trigon Action Docket Entries, Appendix to Plaintiff's Motion for Judgment on the Pleadings (hereafter "Appendix") at 1.

On January 7, 2004, Highmark filed with this Court its Answer to Counterclaim ("Highmark Answer") and responded to Allcare's allegations concerning the Trigon Action. Specifically, the Highmark Answer pled facts clarifying that there is no legal relationship

---

[1] Allcare's Answer and Counterclaim does not specifically identify the docket number of the Trigon Action but that information was pled by Highmark in its Complaint for Declaratory Judgment at ¶ 10.

between Trigon and Highmark and any contact between Highmark and Trigon concerning the Trigon Action was *de minimis* at best. See Highmark Answer to Counterclaim, Paragraphs 13, 14, and 16, respectively, Appendix at 20 and 21.

**B.** **The Trigon Action**

Based on the public records available from the United States District Court for the Eastern District of Virginia, Alexandria Division, *see* Trigon On Line Docket, Appendix at 1, the following information is apparent:

(1) Allcare commenced the action against Trigon Insurance Company on May 24, 2002 (docket entry no. 1, Appendix at 3);

(2) On December 20, 2002, a motion was filed by Allcare for *partial* Summary Judgment to declare U.S. Patent No. 5,301,105 enforceable (docket entry no. 55, Appendix at 7);

(3) On December 23, 2002, a motion was filed by Health Management, Trigon Insurance Co., Trigon Healthcare for Summary Judgment of unenforceability of the claims of U.S. Patent No. 5,301,105, invalidity and noninfringement of claims 1, 2,4-9,12,16,17,19-24,27,34-39,43,52-60,63,67-75,78,80,85-89 ,91,93,95, and 102 of the '105 patent (docket entry no. 60, Appendix at 8);

(4) On December 23, 2002, a motion was filed by Trigon for partial patent claim construction (docket entry no. 57, Appendix at 7);

(5) A cross motion was filed by Allcare for claim construction (docket entry no. 70, Appendix at 8);

(6) Oral argument on motions for summary judgment and claim construction was held on January 10, 2003 (minute entry dated 1/10/2003, Appendix at 11);

(7) On February 3, 2002, Trigon's December 23rd motion for summary judgment of unenforceability was denied and Allcare's December 20th motion for partial Summary Judgment to declare U.S. Patent No. 5,301,105 enforceable was granted (docket entry no. 127, Appendix at 13);

(8) On February 3, 2003, Trigon's motion for patent claim construction was denied and the cross motion by Allcare for claim construction was granted (docket entry no. 128, Appendix at 13);

(9) On February 24, 2003, jury trial began and the following occurred: "Appearances of parties and counsel. The jury appeared as

summoned and sworn on voir dire. Eight jurors were selected to try the issue. Trial cont'd to 2/26 @ 10:00 a.m." (docket entry dated 2/24/03, Appendix at 18); and

(10) On February 25, 2003, jurors were notified by telephone that case settled (docket entry dated February 25, 2003, Appendix at 18).

What is plain from a reading of the docket entries is that no finding of infringement was made by the Court and summary judgment sought by Trigon was denied as to non-infringement and invalidity. *Id.* at entries 55 and 70, Appendix 7 and 8, respectively. The Trigon Action was never tried to a jury although eight jurors were selected. The case settled before opening statements. *Id.* at entries 2/24/03 and 2/25/03, Appendix at 18. Prior to jury selection, *partial* summary judgment was entered in favor of Allcare as to its two motions. *Id.* at entries 127 and 129, Appendix at 13. The Trigon Action was *dismissed with prejudice* pursuant to an apparently confidential settlement agreement between Allcare and Trigon. *Id.* at entry 2/25/03, Appendix at 18. There was no final judgment in the Trigon Action. An order dismissing the action was entered, is available from the clerk's office in the Eastern District of Virginia and states in pertinent part:

> [The plaintiff . . . and defendants] have reached final agreement on settlement of the claims made in the action and all other claims or counterclaims that were or might have been brought relating to U.S. Patent No. 5,301,105 ("the '105 Patent") and, based upon the agreement, consent and approval of the parties, ALLCARE and TRIGON, through their respective attorneys, IT IS HEREBY ORDERED, ADJUGDED AND DECREED as follows:
>
> * * * *
>
> 2. Each claim and counterclaim made by ALLCARE or TRIGON in this action is hereby dismissed with prejudice on the basis of the settlement reached pursuant to Fed. R. Civ. P. 41.

*See* "Stipulation and Agreed Order of Dismissal With Prejudice" ("Stipulation") Appendix at 25-26 and *see* Trigon On Line Docket, at entry 195, Appendix at 18. The order of dismissal makes no reference to any summary judgment orders entered in the case.

Highmark respectfully submits that there is no legitimate basis on which Allcare could dispute the above recitation of the Trigon Action or Highmark's lack of participation in that action. Allcare's assertions are mere conclusory allegations, without any basis sufficient to survive an examination under Rule 11 of the Federal Rules of Civil Procedure. As is plain from the pleadings, there was no participation by Highmark in the Trigon Action. Allcare did not in its counterclaim or defenses, and could not, assert privity as between Highmark and Trigon. No facts or law support Allcare's allegations in its Fifth Affirmative Defense and counterclaim and its assertions of res judicata and collateral estoppel fail as a matter of law.

## II. ARGUMENT

### A. Legal Standard As To Judgment On The Pleadings

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." Hebert Abstract Co. v. Touchstone Properties, Ltd., 914 F.2d 74, 76 (5th Cir. 1987). Highmark submits that this Court properly may take judicial notice of the docket entries in the Trigon Action for purposes of this Motion and has submitted the relevant docket sheet and Stipulation in an Appendix to its Motion and relied upon these materials herein.

A Rule 12(c) motion should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Perez v. Brown & Williamson Tobacco Corp., 967 F. Supp. 920, 924 (S.D. Tex. 1997). The court cannot accept as true merely conclusory allegations or unwarranted deductions of fact. Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 313 (5th Cir. 2002).

### B. Standards for Collateral Estoppel and Res Judicata

The doctrine of res judicata is comprised of two branches: issue preclusion (or collateral estoppel) and claim preclusion. The doctrine of claim preclusion "prevents the relitigation of a claim or cause of action that has been fully adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." United Technologies Corp. v. Chromalloy Gas Turbine Corp., 189 F.3d 1338, 1344 (Fed. Cir. 1999) (applying res judicata under Texas law). *See also* Yerby v. Univ. of Houston, 230 F. Supp.2d 753, 760-61 (S.D. Tex. 2002), *quoting* Stripling v. Jordan Production Co., 234 F.3d 863, 868 (5th Cir. 2000). The more narrow doctrine of collateral estoppel (issue preclusion) prevents relitigation of issues which have been fully and finally resolved in a prior suit. United Technologies, 189 F.3d at 1344.

Of critical importance to the instant analysis is that the United States Court of Appeals for the Fifth Circuit, interpreting Texas law, has held unequivocally that "an order granting partial summary judgment has no res judicata or collateral estoppel effect." Yerby, 230 F. Supp. 2d at 761, *quoting* Avondale Shipyards, Inc. v. Insured Lloyd's, 786 F.2d 1265, 1272 (5th Cir. 1986) (declining to depart from its previously stated rule that *partial* summary judgment orders, as to which appellate review is unavailable cannot have preclusive effect). *See also* RESTATEMENT (SECOND) OF JUDGMENTS § 13 (1982) ("the rules of res judicata are applicable only when a final judgment is rendered.").

#### 1. Res Judicata

For a judgment to have res judicata effect, the proponent must demonstrate the existence of three elements: (1) there was a prior *final* judgment on the merits by a court of competent jurisdiction, (2) the identical parties were involved in both suits or there was privity

between the parties in the two actions,2 and (3) the second action is based on the same claims as were raised or could have been raised in the first action. United Technologies, 189 F.3d at 1344, *citing* Barr v. Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex. 1992).

### 2. Collateral Estoppel

Collateral estoppel forecloses relitigation of distinct issues but only if the following elements are met: (1) the issue at stake in the current action is identical to the one involved in the former action; (2) that the issue was actually litigated in the former action; and (3) the determination of that issue in the former action was a necessary part of the judgment. RecoverEdge L.P. v. Pentecost, 44 F.3d 1284, 1291 (5th Cir. 1995).3

Like res judicata, collateral estoppel only applies to "an issue of ultimate fact that has been determined by a valid and final judgment." Yerby, 230 F.Supp.2d at 760-61. The Yerby court noted that since:

> the purpose of collateral estoppel is to stop plaintiffs from re-litigating their *own* suits, the Fifth Circuit has held that it is "a violation of due process for a judgment in a prior suit to be binding on a litigant who was not a party or privy and therefore has never had an opportunity to be heard."

*Id.* at 761 (citations omitted; emphasis in original) (holding that while Title VII plaintiff Yerby and the plaintiff in the earlier action shared the same supervisor, experienced many of the same

---

2   "Privity" is the "legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion." Southwest Airlines, Inc. v. Texas Int'l Airlines, Inc., 546 F.2d 84, 95 (5th Cir. 1977). Highmark deems it unnecessary to further address the privity issue herein because the lack of a final judgment on any issue in the Trigon Action is itself fatal to Allcare's Fifth Affirmative Defense and claims of res judicata and collateral estoppel.

3   Some courts have added a fourth factor, to-wit, that "the party against whom estoppel is invoked had a full and fair opportunity to litigate the issue in the first action." Texas Instruments, Inc. v. Linear Technologies Corp., 182 F.Supp.2d 580, 585 (E.D. TX 2002).

incidents and even shared the same attorney, their interests were not so aligned that there was privity).

Highmark respectfully submits that Allcare must fail on its defense and claim for relief of res judicata or collateral estoppel for the fundamental reason that the only orders entered in the Trigon Acton were non-appealable orders on *partial* summary judgment. *No final judgment* was entered in the Trigon Action as to any claim. Allcare's claims also fail for the additional reason, as plain from the four corners of the pleadings, that the required element of privity is absent. As a matter of law, judgment should be entered in favor of Highmark as to these claims and defenses.

### C.  There Was No Final Judgment In The Trigon Action

As plain from the documents entered of record in the Trigon Action, of which this Court may properly take judicial notice, Hebert Abstract, 914 F.2d at 76, there was no final judgment entered in the Trigon Action. Allcare succeeded in having *partial* summary judgment entered on two issues: claim construction and enforceability. Appendix, Exhibit A, Trigon On Line Docket at entries 127 and 129. As noted above, it is unquestioned law that "an order granting partial summary judgment has no res judicata or collateral estoppel effect." Avondale Shipyards, 786 F.2d at 1272.[4] It is the availability of review of a prior order that is of paramount importance to the consideration of whether a judgment was final. Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 395 (5th Cir. 1995). None of the orders from the Trigon Action were

---

[4]  There are two limited exceptions to this rule. A final judgment is not a prerequisite for collateral estoppel when a jury has rendered a conclusive verdict and settlement is reached prior to entry of the final judgment. RecoverEdge L.P. v. Pentecost, 44 F.3d 1284, 1295 (5th Cir. 1995); or where the previous court explicitly incorporated its ruling on summary judgment into a final judgment; Royal Ins. Co. of Am. v. Quinn-L Capital Corp., 960 F.2d 1286, 1295 (5th Cir. 1992). Neither of these exceptions applies to the instant case.

appealable and, thus, none were final. No collateral estoppel or res judicata is available as to those orders.

Because the orders from the Trigon Acton were non-appealable, it ends this Court's analysis and judgment in favor of Highmark should be entered as to Allcare's res judicata and collateral estoppel claims and defenses. Even so, the issue of claim construction merits further discussion because the Federal Circuit has provided guidance as to why orders on claim construction are not final judgment in and of themselves. In R.F. Delaware, Inc. v. Pacific Keystone Technologies, Inc., 326 F.3d 1255 (Fed. Cir. 2003), a Virginia district court entered two interlocutory orders with respect to two patents. With respect to the first patent, on motion for summary judgment, the Virginia Court found no literal infringement but recognized a genuine issue of material fact with respect to infringement under the doctrine of equivalents. Id. at 1261. Regarding the second patent, the court denied a motion for summary judgment of literal infringement and granted a motion for summary judgment of validity of claim 1 of the patent-in-suit. Id. The case, like the Trigon Action, was ready for trial on infringement when the parties settled.

RF Delaware subsequently brought, in the Northern District of Alabama, an infringement suit based on the same patent against a different defendant, Pacific Keystone Technologies. Id. at 1259. The Alabama district court entered summary judgment of non-infringement. On appeal, the Federal Circuit concluded that res judicata and collateral estoppel would *not* apply because no judgment, much less final judgment, was ever entered in the Virginia district court case. Id. 1261. The Federal Circuit stated:

> Judicial finality – the predicate for res judicata – arises only from a final decision rendered after the parties have been given reasonable opportunity to litigate a claim before a court of competent jurisdiction. Thus, if the parties to a suit enter into an extrajudicial settlement or compromise, there is no judgment, and future litigation is not barred by res judicata or collateral estoppel though, of course, a court may dismiss litigation

> thereafter filed on the same claim on the basis that the parties have by contract ended their controversy.

R.F. Delaware, Inc., 326 F.3d at 1261, *citing* Kasper Wire Works, Inc. v. Leco Eng'g & Mach., Inc., 575 F.2d 530, 542 (5th Cir. 1978).

The facts in the RF Delaware case could not be more akin to those of the Trigon Action and a similar conclusion must be reached – no collateral estoppel or res judicata applies.

The United States Court for the Eastern District of Texas provided additional insight on the preclusive effect of res judicata and collateral estoppel in Texas Instruments, Inc. v. Linear Technologies Corp., 182 F. Supp. 2d 580 (E.D. Tex. 2002):

> Tellingly, the parties have not presented to the Court, nor has the Court located, any case in which collateral estoppel was successfully invoked by a plaintiff [patentee] against independent defendants [accused infringers].

*Id.* at 586.

### D. Allcare Knew Before Filing Its Answer And Counterclaim That No Final Judgment Was Entered In The Trigon Action

Prior to the filing of its Answer and Counterclaim, Allcare knew of the material defect in its claims of res judicata and collateral estoppel because its counsel is the same for both cases. Although the only counsel admitted before the Northern District of Texas for the purposes of the instant case on behalf of Allcare is V. Bryan Medlock, Jr., who was not named counsel in the Trigon Action, but Allcare continues to be represented by Steven G. Hill, of the Georgia firm of Hill, Kertscher & Pixley LLP. Mr. Hill requested *pro hac vice* admission in the Western District of Pennsylvania while this case was pending there. *See* On Line Docket Sheet for Instant Action at entry No. 14, Appendix at 30. Unlike Mr. Medlock, Mr. Hill *was* counsel of record in the Trigon Action. Stipulation, Appendix at 27.

Interestingly, Mr. Hill has not filed an application for admission *pro hac vice* in the Northern District of Texas for the instant action. Should Mr. Hill seek *pro hac vice* admission to this Court for the purpose of this case, it will not be the first time that Mr. Hill has appeared before this Court with regard to United States Patent No. 5,301,105 ("the '105 Patent"), the patent-in-suit in the instant action. He previously represented Eclipsys Solutions Corp., *pro hac vice,* in the case <u>Allcare Health Management System, Inc. v. Cerner Corp. et al</u>, (4:99 CV 464-Y)(N.D. Texas) (Judge Means presiding). In that case Mr. Hill was *not* representing Allcare. Rather, he represented the accused infringer and submitted pleadings asserting that the '105 Patent was invalid and unenforceable. *See* Answer of Eclipsys Solutions Corp., Appendix at 36 and 43. The assertion of invalidity made by Mr. Hill on his former client's behalf is directly contrary to the position now advocated by Allcare and by Mr. Hill on Allcare's behalf.

Because of Mr. Hill's overlapping representations of Allcare in the Trigon Action and the instant case, Mr. Hill is intimately familiar with the absence of any final judgment in the Trigon Action and equally familiar with the reality that there is no basis upon which Allcare may assert its Fifth Affirmative Defense or support the allegations contained in Paragraph 10 through 18 of its Counterclaim. To further discuss the meritless nature of the assertions of res judicata and collateral is unnecessary. It is sufficient that judgment in favor of Highmark be entered on Allcare's defenses of res judicata and collateral estoppel and the related claims so that the parties may proceed to an expeditious substantive consideration of the merits of the complaint and counterclaim.

### III.    <u>CONCLUSION</u>

There are no issues as to any material fact relating to Allcare's defense and claims of res judicata and collateral estoppel. There is only the unequivocal reality that no final judgment was entered in the Trigon Action. Regardless of the presence or absence of facts related to other elements of res judicata and collateral estoppel, the fundamental prerequisite of a

final judgment is missing. As a matter of law, no orders from the Trigon Action can be a basis for an assertion of collateral estoppel or res judicata.

WHEREFORE, Plaintiff Highmark, Inc. respectfully requests that this Court enter judgment on the pleadings against Allcare Health Management Systems, Inc. and in favor of Highmark, Inc. on the defense and counterclaim of collateral estoppel and res judicata.

Respectfully submitted,

Cynthia E. Kernick
Pa. ID #43912
Frederick H. Colen
Pa. ID #21833
Robert D. Kucler
Pa. ID #84222

REED SMITH LLP
435 Sixth Avenue
Pittsburgh, PA 15219
(412) 288-4176

and

Craig B. Florence
Texas State Bar No. 07158010
Robert Slovak
Texas State Bar No. 24013523

GARDERE WYNNE SEWELL L.L.P.
1601 Elm Street, Suite 3000
Dallas, TX 75201
(214) 999-3000

Dated: January 9, 2004

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Plaintiff Highmark, Inc.'s Brief in Support of Plaintiff's Motion for Judgment on the Pleadings as to Defendant's Fifth Affirmative Defense and Related Claims was served this 9th day of January, 2003, via first class mail, postage pre-paid on the following counsel:

V. Bryan Medlock, Esquire
Sidley Austin Brown & Wood LLP
717 North Narwood, Suite 3400
Dallas, Texas 75201

_____
Counsel for Plaintiff