```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF TEXAS
                          FORT WORTH DIVISION

HIGHMARK, INC.                    §
                                  §
VS.                               §  CIVIL ACTION NO. 4:03-CV-1384-Y
                                  §
ALLCARE HEALTH MANAGEMENT         §
SYSTEMS, INC.                     §
```

## AMENDED ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF SPECIAL MASTER

This is a patent infringement case. Plaintiff Highmark, Incorporated ("Highmark"), filed this action against defendant Allcare Health Management Systems, Incorporated ("Allcare") seeking declaratory judgment of invalidity, noninfringement, and unenforceability of U.S. Patent No. 5,301, 105 ("the '105 patent"). Allcare filed a counterclaim alleging infringement of the '105 patent.[1]

The Court previously referred Allcare's motion for claim construction to Don Martens as special master. The Court adopted his recommendations on March 23, 2007. Thereafter, the parties filed the following motions:

1.  Allcare's motion (doc. #397) for summary judgment on the enforceability of the '105 patent.

2.  Highmark's motion (doc. #399) to exclude the expert opinion and report of Robert A. Sherwin regarding reasonable royalty calculation (relevant to damages).

---

[1] Allcare initially alleged infringement of Claims 52, 53, and 102 of the '105 patent but has since withdrawn its allegations of infringement of Claim 102. To the extent not already done, Allcare's claim for infringement of Claim 102 of the '105 patent is DISMISSED WITH PREJUDICE. (Note that the original order indicated that the dismissal was without prejudice. The purpose of this amended order is to point out that the dismissal was with prejudice.)

3. Highmark's motion (doc. #400) for summary judgment of non-infringement and invalidity of the '105 patent.

4. Highmark's motion (doc. #406) to exclude the testimony of Dr. Stephen D. Holland on noninfringement.

5. Allcare's motion (doc. #409) to exclude the expert testimony of Mark M. Gleason regarding a reasonable royalty calculation (relevant to damages).

6. Allcare's motion (doc. #410) to exclude the expert testimony of Jeremy Nobel, MD.

Pursuant to the parties' joint motion, the Court referred these motions to Martens as a special master and directed him to provide the Court with a report and recommended disposition. Martens reviewed the motions, responses, and replies and conducted a hearing on February 26, 2008. He then filed his report and recommended decisions on April 25, 2008. Under Federal Rule of Civil Procedure 53(g)(2), Allcare filed certain objections to Martens's recommendations.

The Court has reviewed Martens's report and recommendations, Allcare's objections, Highmark's response, and Allcare's reply.[2] After review, the Court OVERRULES Allcare's objections for the reasons stated in Martens's report and recommendations as well as for the reasons stated in Highmark's response and the Court ADOPTS,

---

[2] The Court conducted a *de novo* review of Allcare's objections under Rule 53(g)(3), (4).

as stated below, Martens's recommendations. *See* FED.R.CIV.P. 53(g)(1).

Accordingly,

1.  Highmark's motion (doc. #400) for summary judgment is PARTIALLY GRANTED AND PARTIALLY DENIED. On the issue of noninfringement, Highmark's motion for summary judgment is GRANTED. On the issue of invalidity of the '105 patent, Highmark's motion for summary judgment is DENIED.
2.  Allcare's motion (doc. #397) for summary judgment on the enforceability of the '105 patent is DENIED.
3.  Highmark's motion (doc. #399) to exclude the expert opinion and report of Robert A. Sherwin is RENDERED MOOT.[3]
4.  Allcare's motion (doc. #409) to exclude the expert testimony of Mark M. Gleason is RENDERED MOOT.[4]
5.  Highmark's motion (doc. #406) to exclude the testimony of Dr. Stephen D. Holland is DENIED.
6.  Allcare's motion (doc. #410) to exclude the expert testimony

---

[3] Because the Court has adopted the special master's recommendation that summary judgment of noninfringement of the '105 patent should be entered, Sherwin's testimony is now moot since it would only be relevant if Highmark were found to have infringed on the '105 patent. Had the motion not been rendered moot, the Court would have adopted the special master's recommendation and denied the motion.

[4] Because the Court has adopted the special master's recommendation that summary judgment of noninfringement of the '105 patent should be entered, Gleason's testimony is now moot since it would only be relevant if Highmark were found to have infringed on the '105 patent. Had the motion not been rendered moot, the Court would have adopted the special master's recommendation and granted the motion in part to exclude the third bullet point on page thirty-one and footnote 147 of Gleason's report. In all other aspects, the motion would have been denied.

of Jeremy Nobel, MD, is DENIED *vis-á-vis* his testimony regarding the invalidity of the '105 patent. In regards to his testimony regarding the non-infringement of the '105 patent, the motion is RENDERED MOOT.[5]

SIGNED September 2, 2008.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[5] Because the Court has adopted the special master's recommendation that summary judgment of noninfringement of the '105 patent should be entered, Nobel's testimony regarding Highmark's noninfringement of the patent is now moot. Had that portion of the motion not been rendered moot, the Court would have adopted the special master's recommendation and granted the motion in part to exclude Nobel's opinion that the claim preamble does not read on Highmark's accused system. Further, the Court would have directed that Nobel amend his report to cite evidentiary support for the paragraphs identified in the special master's report to the extent that such support is available. In all other aspects, the motion would have been denied.

4