IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HIGHMARK, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 4:03 CV-1384-Y |
| vs. | § | |
| | § | |
| ALLCARE HEALTH MANAGEMENT | § | |
| SYSTEMS, INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT ALLCARE HEALTH MANAGEMENT SYSTEMS, INC.'S MOTION TO STAY FURTHER BRIEFING AND CONSIDERATION OF PLAINTIFF HIGHMARK, INC.'S MOTION FOR EXCEPTIONAL CASE FINDING AND AWARD OF ATTORNEY'S FEES OR, IN THE ALTERNATIVE, TO EXTEND ALLCARE'S TIME TO RESPOND TO HIGHMARK'S MOTION AND MEMORANDUM IN SUPPORT**

Defendant Allcare Health Management Systems, Inc. ("Allcare") respectfully moves to stay further briefing and consideration of plaintiff Highmark, Inc.'s ("Highmark") motion for exceptional case finding and award of attorney's fees or, in the alternative, to extend Allcare's time to respond to Highmark's motion.

**I.     Introduction**

Highmark has filed a motion seeking imposition of over $5,000,000 in litigation costs and attorneys' fees against Allcare. The motion includes for its support an appendix that is over 700 pages long, proposed findings of fact that are 63 pages long, and a declaration by counsel that spans 22 pages and includes 80 numbered paragraphs. The basic thrust of the motion is that

1

Allcare pursued a meritless infringement case against Highmark, making this case "exceptional" within the meaning of 35 U.S.C. § 285.

Allcare denies that it pursued meritless infringement claims and the other allegations in Highmark's motion, and will address those allegations at the appropriate time. Allcare might point out, however, that it was Highmark – not Allcare – that chose to bring this lawsuit during negotiations between the parties. Moreover, Allcare has issued approximately thirty licenses of the patent at issue in this case to prominent health care and health care insurance companies, including Providence, Harvard Pilgrim, Tufts Health Plan, Anthem, and Empire Blue Cross Blue Shield.

This case is *on appeal*. Allcare filed a notice of appeal on October 16, 2008[1] – nearly two weeks before Highmark filed its motion for fees. And because Highmark's motion is intimately intertwined with the merits of the appealed infringement claims, this Court is divested of jurisdiction to entertain Highmark's motion.

Allcare approached Highmark regarding a stay pending the appeal. Highmark indicated that it opposed a stay. Highmark believed that the Federal Circuit wanted to be able to consider any appeal of its motion with the pending appeal. A copy of the email exchange regarding the stay accompanies the Declaration of Steven G. Hill filed herewith as Exhibit B.

Alternatively, should this Court conclude that it retains jurisdiction despite Allcare's appeal, Allcare respectfully requests that its time to respond to Highmark's motion be extended until at least thirty days after the Court's decision on Allcare's motion to stay. This request is based on the volume of Highmark's moving papers, the magnitude of fees sought, and unavoidable conflicts in the schedule of Allcare's counsel who is most familiar with the facts

---

[1] See Exhibit A to the Declaration of Steven G. Hill filed herewith.

2

underlying Highmark's allegations.  That counsel, Steven Hill, is the only Allcare attorney who has been involved during the entire course of the dealings of the parties (2002 to date) and the instant case (2003 to date).

In that regard, Allcare also approached Highmark regarding whether it would agree that, in the event Allcare's motion to stay is denied, Allcare may have 30 days in which to prepare its opposition to Highmark's motion for attorney's fees.  Despite the conflicts in the schedule of Allcare's only counsel familiar with all the pertinent facts and the magnitude of Highmark's moving papers and fees sought, Highmark declined Allcare's request.  A copy of the email exchange regarding the extension accompanies the Declaration of Steven G. Hill filed herewith as Exhibit C.

**II.      Allcare's Notice of Appeal Divested this Court of Jurisdiction**

      **A.      After a notice of appeal has been filed, the district court lacks jurisdiction to consider a motion for attorney's fees that is related to the merits of the appealed claims.**

The United States Supreme Court has established that a notice of appeal divests a district court of jurisdiction to consider matters related to the appealed claims.  In *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402 (1982), the Court held that "[t]he filing of a notice of appeal … confers jurisdiction on the court of appeals and divests the district court of its control over *those aspects of the case involved in the appeal*" (emphasis added). In so holding, the Court emphasized that "a federal district court and a federal court of appeals *should not attempt to assert jurisdiction over a case simultaneously.*" *Id.* (emphasis added).

The Fifth Circuit agrees that "either [the appellate court] or the district court [should] have *exclusive* jurisdiction over a given case at any given time," and thus that "[a] perfected appeal divests the district court of jurisdiction." *Winchester v. U.S. Attorney for Southern Dist.*

*of Texas*, 68 F.3d 947, 949-950 (5th Cir. 1995) (emphasis added). See also *Shepherd v. International Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004) (following *Winchester*).

Consistent therewith, unless a motion – including a motion for attorneys' fees – is wholly collateral to the merits of the appealed claims, the district court lacks jurisdiction to hear consider it.  For example, in *Taylor v. Sterrett*, 640 F.2d 663, 668 (5th Cir. 1981), the Fifth Circuit held that "the District Court was divested of jurisdiction ... as to *matters relating to the* [*appealed*] *orders*" – and that "for that reason, fees [could] not be recovered for work relating to [those] orders" (emphasis added).  More recently, in *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 524-525 (5th Cir. 2002), the Court held that a district court "retains jurisdiction to resolve motions for ... attorneys' fees while a judgment on the merits is pending on appeal" where "[s]uch motions are *collateral to the merits*" of the case" (emphasis added).   However, the district court is "deprive[d] ... of jurisdiction to hear matters *connected to the appeal.*" *Id.* at 524 (emphasis added).

The Federal Circuit concurs.  For example, in *Chemlawn Services Corp. v. GNC Pumps, Inc.*, 823 F.2d 515, 518 (Fed. Cir. 1987), the Court found *Taylor* "instructive" in holding that "the District Court clearly lost jurisdiction ... when [defendant] filed a notice of appeal to this court."  Similarly, in *L.E.A. Dynatech, Inc. v. Allina*, 49 F.3d 1527, 1531 (Fed. Cir. 1995), the Federal Circuit held that where the patent holder filed its appeal after the district court awarded unspecified attorney's fees to the alleged infringer, "[t]he appeal divested the district court of jurisdiction over the fee award."

Thus, it is clear that unless a fee request is collateral to the merits of the claims underlying the appeal, the district court lacks jurisdiction to consider the fee issue.  Here, Highmark's motion for attorney's fees is far from collateral to the merits of the case.  Indeed,

Highmark's motion is intertwined with the merits of Allcare's infringement claims, as demonstrated below.

**B.     Highmark's Motion is Related to the Merits of Allcare's Infringement Case.**

When considering motions for attorney's fees under 35 U.S.C. § 285, courts routinely base their decisions on the *merits* of the underlying infringement claim. *See, e.g., Kao Corp. v. Unilever U.S., Inc.*, 441 F.3d 963, 975 (Fed. Cir. 2006) (Alleged infringers' fee request denied because patentee's "position with respect to ... infringement ... was not so lacking in merit as to warrant 'exceptional' status") and *Brooks Furniture Manufacturing, Inc. v. Dutailier International, Inc.*, 393 F.3d 1378, 1384 (Fed. Cir. 2005) (District court's fee award vacated because, *inter alia*, "infringement [could] reasonably be disputed").[2]

Even in the cases cited by Highmark, the court's decision on the exceptional case motion was linked to the merits of the infringement claim. *See Eltech Systems Corp. v. PPG Industries, Inc.*, 903 F.2d 805, 811 (Fed. Cir. 1990) (cited at p. 8 of Highmark's motion for holding that where plaintiff is "manifestly unreasonable in assessing infringement while continuing to assert infringement in court, an inference is proper of bad faith") and *Phonometrics, Inc. v. Westin Hotel Co*, 350 F.3d 1242, 1246-1247 (Fed. Cir. 2003) (cited at pp. 11-12 of Highmark's motion as holding that "an exceptional finding is appropriate when the patent holder continued prosecution of the action after it became apparent that the patent was not infringed").

Like the motions in the above cases, Highmark's motion for attorneys' fees is intertwined with the merits of the patent holder's infringement claims. Indeed, Highmark maintains that

---

[2] *See also TVI Energy Corp. v. Blane*, 806 F.2d 1057, 1061 (Fed. Cir. 1986) (No attorney's fees awarded because patentee raised a "colorable, albeit weak, argument" regarding infringement in good faith) and *FieldTurf International, Inc. v. Sprinturf, Inc.*, 433 F.3d 1366, 1373 (Fed. Cir. 2006) (Fee award vacated because "[the patentee's] patent position was not without support").

attorney's fees should be awarded *because* Allcare's infringement case was meritless. Specifically, Highmark argues that it is entitled to attorneys' fees because, *inter alia*:

- Allcare "asserted *claims that had no basis in law or fact*."[3]

- "*The question of infringement* of Claim 52 *was not a close one* and, in fact, was so frivolous that even Allcare's expert … could not fully support it."[4]

- "The fact that Allcare's expert could not provide an opinion to support the required 'integrated interconnection and interaction' of Claim 102 confirms a *lack of any credible basis for Allcare's assertion of infringement* of Claim 102."[5]

- "It Was Unreasonable to Contend That Highmark Infringed Claim 52(c)."[6]

- "These actions – having *no concrete evidence of infringement*, admitting that its arguments were not supported by the patent, and employing an 'expert' that cannot understand the Court's claim construction – are the sort of egregious actions that justify a Section 285 shifting of attorneys' fees from Highmark to Allcare."[7]

- "Allcare knew, or reasonably should have known, that *Highmark's system did not infringe* because it did not contain Claim element 52(c) or the required elements of Claim 102."[8]

- "As confirmed by Allcare's withdrawal of Claim 102, and the Court's finding non-infringement of Claim 52 and 53 on summary judgment, this was not a close case."[9]

---

[3] Highmark's memorandum in support of motion for exceptional case finding and award of attorney fees and expenses, p. 1 (emphasis added).

[4] *Id.* (emphasis added).

[5] *Id.*, p. 9 (emphasis added).

[6] *Id.*, p. 10.

[7] *Id.*, p. 11 (emphasis added).

[8] *Id.*, p. 12 (emphasis added).

Dallas 268746v1

- "Allcare asserted a *meritless case* without reasonable justification."[9]

- "[T]he record amply illustrates that Allcare had *no basis on which to assert infringement* and it maintained this suit long after the April 2004 inspection that confirmed that there, in fact, was *no basis* for Allcare's claims.[11]

Highmark's own allegations establish that its motion for an exceptional case finding is closely related to the merits of the infringement claims being appealed by Allcare. Because Allcare's notice of appeal divested this Court of jurisdiction to hear a motion that relates to the merits of those claims, this Court should stay consideration of Highmark's motion until the Federal Circuit determines Allcare's appeal of the infringement case.

## III.   Allcare's time to respond to Highmark's motion for fees should be extended

Should this Court deny Allcare's motion to stay, Allcare respectfully requests an extension of time to respond to Highmark's motion for attorney's fees. Allcare's request is based on the following grounds:

### A.      Volume of Highmark's moving papers

Highmark's 25-page motion includes for its support an appendix that is over 700 pages long, 234 proposed findings of fact spanning 63 pages, and a declaration by counsel that is 22 pages, and 80 numbered paragraphs, long. Obviously, it will take considerable time to marshal a response to a motion of that magnitude.

---

[9] *Id.*, p. 17 (emphasis by Highmark).

[10] *Id.* (emphasis added).

[11] *Id.*, p. 19 (emphasis added).

Dallas 268746v1

### B.    Size of requested fee award

Highmark's motion seeks imposition of over $5,000,000 in attorneys' fees, costs, expert fees, and interest against Allcare. A motion seeking an award of that scope will require an in-depth response.

### C.    Schedule of counsel

Steven Hill is the attorney who was involved in the matters at issue in Highmark's motion. As detailed in his accompanying Declaration, Mr. Hill had five cases become extremely active just prior to Highmark's filing of its motion and continuing through the present date. For example, in one of these cases, Mr. Hill was away from his office traveling and participating in depositions of technical experts held in California and Oregon between November 9 and 15. In another case, he learned during the first week of November that he is going to trial during the week of December 8. In still another case, he had an arbitration panel during the last week of October provide the parties with a November 25, 2008 cut-off date for expediting discovery, exchanging expert reports, witness lists and exhibit lists for a hearing to be held December 16-18. As a result of dealing with these matters, Mr. Hill has not had sufficient time to review Highmark's voluminous appendices and proposed findings of fact, conduct necessary legal research, and prepare a substantive response to Highmark's motion.

## IV.    Conclusion

Based on the foregoing, Allcare respectfully requests that this Court stay further briefing and consideration of Highmark's motion for exceptional case finding and award of attorney's fees. Alternatively, Allcare respectfully requests – should the Court deny its motion to stay – that Allcare's time to respond to Highmark's motion for exceptional case finding and award of

attorney's fees be extended until at least thirty days after the Court's decision on Allcare's motion to stay.

DATED: November 17, 2008.          Respectfully submitted,

*/s/Joseph F. Cleveland, Jr.*
Joseph F. Cleveland, Jr.
State Bar I.D. No. 04378900
BRACKETT & ELLIS
100 Main Street
Fort Worth, Texas  76102-3090
(817) 338-1700 - Telephone
(817) 429-9181/429-9223 - Metro
(817 )870-2265- Facsimile

V. Bryan Medlock, Jr.
Texas Bar No. 13897400
SIDLEY AUSTIN BROWN & WOOD LLP
717 North Harwood, Suite 3400
Dallas, Texas  75201
(214) 981-3300 - Telephone
(214) 981-3400 - Facsimile

Steven G. Hill
HILL KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30339
(770) 953-0995 - Telephone
(770) 953-1358 - Facsimile

Mike McKool, Jr.
Texas State Bar No. 13732100
R. Darryl Burke
Texas State Bar No. 03403405
Christopher J. Harrington
Texas State Bar No. 24004688
Luke F. McLeroy
Texas State Bar No. 24041455
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

**ATTORNEYS FOR DEFENDANT ALLCARE HEALTH MANAGEMENT SYSTEMS, INC.**

Dallas 268746v1

## CERTIFICATE OF CONFERENCE

Counsel for Allcare has conferred with counsel for Highmark regarding the relief requested in this motion. Highmark is opposed to the relief sought herein.

*/s/Steven G. Hill*_____
Steven G. Hill


## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2008 I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

Cynthia E. Kernick, Esquire
Robert D. Kucler, Esquire
Kevin S. Katona, Esquire
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, Pennsylvania 15219-1886

Craig B. Florence, Esquire
Robert Slovak, Esquire
Gardere Wynne Sewell LLP
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas  75201-4761

*/s/Joseph F. Cleveland, Jr.*_____

Dallas 268746v1