**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

| | | |
|---|---|---|
| Highmark, Inc., | § | |
| | § | |
| Plaintiff, | § | Civil No: 4:03 CV-1384-Y |
| | § | |
| v. | § | Judge Terry R. Means |
| | § | |
| Allcare Health Management Systems, Inc., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**OPPOSITION OF HIGHMARK INC. TO DEFENDANT'S MOTION [DCKT. NO. 518]
TO STAY FURTHER BRIEFING AND CONSIDERATION OF HIGHMARK'S
MOTION FOR EXCEPTIONAL CASE FINDING
AND AWARD OF ATTORNEY FEES AND EXPENSES OR, IN THE ALTERNATIVE,
TO EXTEND ALLCARE'S TIME TO RESPOND TO HIGHMARK'S MOTION**

Highmark Inc. ("Highmark"), submits this Opposition to the Motion of Defendant Allcare Health Management Systems, Inc. ("Allcare") to Stay Further Briefing and Consideration of Plaintiff Highmark, Inc.'s Motion for Exceptional Case Finding and Award of Attorney Fees and Expenses or, in the Alternative, to Extend Allcare's Time to Respond to Highmark's Motion ("Allcare's Motion").  As shown below, the Motion to Stay has no basis in law or fact and should be summarily denied.   This Court should, in accordance with the recommendations of the Federal Rules of Civil Procedure and federal courts of appeal, resolve Highmark's Motion for Exceptional Case Finding and Award of Attorney Fees and Expenses [Dckt. No. 513] ("Highmark's Motion") as expeditiously as possible so that any appeal taken therefrom can be consolidated with the pending appeal on the merits.

## I.      ARGUMENT

The 1993 amendments to the Civil Rules and Appellate Rules reflect the intention that "district courts should act to facilitate a single appeal that covers both disposition on the merits and disposition of attorney fee issues." 15B Charles Allen Wright, Arthur R. Miller, & Edward H. Cooper, <u>Federal Practice and Procedure</u> § 3915.6 (Supp. 2006); *see also* <u>Gilda Marx, Inc. v. Wildwood Exercise, Inc.</u>, 318 U.S. App. D.C. 109, 85 F.3d 675, 679-80 n.5 (D.C. Cir. 1996)

(per curiam) ("Obviously, from the appellate court's perspective, it would be desirable if the merits appeal and the appeal from the final order on [attorney] fees could be decided together. Indeed, this appears to be the import of the 1993 amendments to the civil and appellate rules.").

Luma Corp. v. Stryker Corp., 2007 U.S. Dist. LEXIS 2316, *13 (D. W.Va. 2007).  *See also* Loctite Corp. v. Fel-Pro, Inc., 667 F.2d 577, 584 (7th Cir. 1981) (holding that "it is in the interest of minimizing duplication and delay to allow the district court to award fees" *afte*r the notice of appeal has been filed so that "where an appeal is filed after both the substantive judgment and the award of fees, [they may] then be consolidated for review.")

Despite the strong recommendation that appeals from liability and attorney fees judgment be consolidated into a single appeal, the premise underlying Allcare's Motion is two-fold:  (1) that this Court should refuse to consider Highmark's Motion while the appeal is pending because this Court has been divested of jurisdiction over Highmark's Motion; and (2) even if the Court does have jurisdiction, this Court should permit Allcare several months to prepare a response to Highmark's Motion because a single lawyer—out of the many lawyers of the four law firms who have entered appearances for Allcare—has a busy litigation schedule through November.

**A.      Allcare Has Failed to Provide Any Legal Basis for a Stay**

Allcare's argument that this Court has been divested of jurisdiction is based upon a misreading of every case on which it relies.  For example, Allcare relies upon Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) for the proposition that the filing of a notice of appeal divests the *lower* court of control over aspects of the case "involved" in the appeal.  First, as the case itself shows, the standard for divestiture is not merely that there be "aspects" of the appealed judgment that are related to the motion before the district court.  The standard, as confirmed by Griggs, is whether a motion pending in the district court would *modify* the judgment from which the appeal was taken.  Griggs addressed *only* the circumstances, unlike the present, in which district courts and the courts of appeal would both have had the power— contemporaneously—to modify the same judgment.  Referring to the Advisory Committee on

the Appellate Rules, the <u>Griggs</u> court noted that "it would be undesirable to proceed with the appeal while the district court has before it a motion the granting of which would vacate or alter the judgment appealed from." *Id.* at 403 and n.2.  In no way is it possible for any ruling by this Court on Highmark's pending Motion for fees to modify the judgment from which Allcare has appealed.  The reasoning of <u>Griggs</u> simply does not apply.

Second, <u>Griggs</u> is wholly inapplicable to Highmark's Motion because it considered whether a timely filed Federal Rule of Civil Procedure 59 motion for new trial or a motion to amend a judgment divested the *appellate court* of jurisdiction, not whether such a motion divested the *lower* court of jurisdiction.  The Supreme Court noted that when a *Rule 59* motion is filed, the appeal simply "self-destructs." *Id.* at 61.  <u>Griggs</u> thus cannot be read as holding that a Rule 54 motion (like Highmark's), filed after a notice of appeal has been filed, divests a district court of jurisdiction to consider the Rule 54 motion.

In fact, the basis of the <u>Griggs</u> decision is found in Federal Rule of Appellate Procedure 4(a)(4)(A) that specifically divests an *appellate* court of jurisdiction when motions that would amend a judgment are filed under Rule 50(b), Rule 52(b), Rule 59, or Rule 60.  Because Rule 54 motions for attorney fees (like Highmark's Motion) do not seek to modify the judgment from which an appeal was taken, divesture of appellate jurisdiction occurs *only* "if the district court extends the time to appeal under Rule 58." *See* Rule 4(a)(4)(A)(iii).  If the district court has not, then the appeal may continue while the district court considers the Rule 54 motion.

Other cases relied upon by Allcare likewise do not apply.  For example, <u>Taylor v. W.L. Sterrett</u>, 640 F.2d 663, 668 (5th Cir. 1981), cited by Allcare in its Motion at 4, confirms only that a district court in a case under the Civil Rights Act of 1979, Section 1988, can award fees for legal work but that it could not award attorney fees for legal work done on the appeal itself. *Id.* at 668.  <u>Winchester v. U.S. Attorney for Southern District of Texas</u>, 68 F.3d 947 (5th Cir. 1996), also cited by Allcare, did not address a Rule 54 motion for the attorney fees.  It addressed only

the effect of a notice of appeal in the context of a motion for relief from judgment under Fed. R. Civ. P. 60.

In contrast to these wholly inapplicable cases, a Fifth Circuit case cited (and misinterpreted) by Allcare actually *confirms* that a district court *is not* divested of jurisdiction for Rule 54 motions like Highmark's. In <u>Proctor & Gambel Co. v. Amway Corp.</u>, 280 F.3d 519 (5th Cir. 2002) (cited Motion for Stay at 4), the Fifth Circuit unequivocally held that a district court *retains* jurisdiction to resolve attorney fees motions while an appeal on the underlying liability and damages issues are pending. It stated:

> P&G argues that the district court lacked jurisdiction to enter sanctions, because P&G already had appealed the final decision on the merits. Perfecting an appeal deprives the district court of jurisdiction to hear matters connected to the appeal. <u>Offshore Logistics Servs., Inc. v. Mut. Marine Office, Inc.</u>, 639 F.2d 1168, 1170 (5th Cir. Unit A Mar. 1981).
>
> The district court, however, retains jurisdiction to resolve motions for sanctions and attorneys' fees while a judgment on the merits is pending on appeal. Such motions are collateral to the merits, so the appeal does not divest the district court of jurisdiction.

280 F.3d 524-25. The Fifth Circuit supplemented this discussion with an extensive reference in footnotes to additional legal authority confirming that a motion for attorney fees *should not be stayed* and cannot be treated, as Allcare asks, as if it were a Rule 59 or Rule 60 motion to amend the judgment. *Id.* at nn. 2-3.

Having misread <u>Proctor & Gamble</u>, Allcare then argues that in <u>Chemlawn Services Corp. v. GNC Pumps, Inc.</u>, 823 F.2d 515 (Fed. Cir. 1987) the Federal Circuit "concurred" with the ruling in <u>Proctor & Gamble</u>. But the issues before the respective courts in these cases were wholly unrelated. As noted above, in <u>Proctor & Gamble</u>, the Fifth Circuit confirmed that the district court had jurisdiction over Rule 54 motion for attorney fees made after the filing of a notice of appeal. In contrast, the Federal Circuit in <u>Chemlawn</u> chastised a district court for its failure to timely issue findings of facts and conclusions of law to support the district court's order entering a preliminary injunction. There the Federal Circuit simply held that a district

court cannot belatedly cure its failure, prior to entry of judgment, to make findings and conclusion on the underlying merits of the judgment from which an appeal was taken.

In the final case relied on by Allcare for divestiture, <u>L.E.A. Dynatech, Inc. v. Alliana</u>, 49 F.3d 1527 (Fed. Cir. 1995) (Allcare Motion at 4), the district court resolved the attorneys fee issue <u>before</u> the appeal (indeed, the appeal was stayed by the Federal Circuit pending the district court's calculation of the award). 49 F.3d at 1529. Subsequent to the entry of judgment (which included an award of fees), the defendants attempted for the first time to object to the award of fees in briefing to the Federal Circuit. The Federal Circuit confirmed that the failure to object below constituted a waiver on appeal. It held:

> Meter Treater did not timely protest the fee award to the district court. Instead, Meter Treater appealed the dismissal without ever raising the fee question to the district court. The appeal divested the district court of jurisdiction over the fee award. *See* <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (per curiam) (filing of a notice of appeal divests the district court of jurisdiction over those aspects of the case involved in the appeal). Thus, unless Meter Treater meets an exception to the general rule against raising issues for the first time on appeal, this court will not entertain Meter Treater's objections.

49 F.3d at 1531. This case, like the other cases cited by Allcare, provides no support for Allcare's Motion.

**B.  Allcare's Motion Should Be Denied Because Highmark Will Be Prejudiced By Delay**

If granted, Allcare's Motion for Stay would delay completion of briefing on Highmark's Motion for at least a year and would delay for well more than two years the ultimate resolution of the last remaining issue before this district court—whether the actions of Allcare were such that this case is exceptional under 35 U.S.C. §285 and whether attorney fees should be assessed against Allcare. In a case that already has lasted more than five and a half years, this delay is simply too long.

Allcare has not set forth a good faith basis for further delaying the consideration of Highmark's Motion. The cases Allcare relies upon are inapposite, and its arguments are not

merely advocacy, but rather rise to the level of being misleading and groundless. This Court found that Highmark's system did not infringe the asserted claims of United States Patent No. 5,301,105 (the "105 Patent") on *two* separate bases. To win on appeal, Allcare has to convince the Federal Circuit that this Court was wrong not once, but twice. Allcare's appeal is a long-shot by any standard and its pendency is no justification to delay consideration of Highmark's Motion.

A serious consideration for this Court should be whether there would be prejudice to either party by a delay. Allcare has failed to provide any prejudice that it would suffer (other than that is counsel might have to work long hours but that isn't prejudice, its is just the life of a lawyer). But the delay sought by Allcare would cause prejudice to Highmark not only by draining further resources but because this Court will lose its familiarity with the events that are the basis of Highmark's Motion and final resolution of this lengthy case will delayed for at least a year and probably longer after the Federal Circuit considers the appeal currently pending. As discussed above, it is well-established that the Court promptly address attorney fees motions while the facts are still fresh.

As is evident from Allcare's Motion, on October 31, 2008, only three days after Highmark filed its fee Motion, Allcare first advised Highmark that Allcare would move for a stay. *See* Allcare's Motion at Exhibit B [Dckt. No. 518-2]. Yet, Allcare did nothing for 17 more days and failed to seek a stay or an extension of time until its response was due. This inaction for 17 days can only be viewed as an intentional delay tactic. Without obtaining prior leave of court, Allcare filed no substantive response to Highmark's Motion. This too alone causes more delay.

The extreme dichotomy between the statements made by Allcare as to the holdings of the cases upon which it relies and the actual holdings in these cases, together with Allcare's long delay in seeking a stay, beg the conclusion that the filing by Allcare of its Motion is simply a

continuation of the sort of bad faith litigation tactics that form the basis of Highmark's Motion to find this case to be exceptional.

This Court, in accordance with the Fifth Circuit's reasoning in <u>Proctor & Gamble</u>, should deny the stay and act as expeditiously as possible to rule on Highmark's Motion so that any appeal as to exceptional case and attorneys fees can be consolidated with the pending appeal.

## II.    CONCLUSION

Allcare has not provided any legal support or any legitimate basis on which to demand a stay of Highmark's Motion.  It has not claimed, nor can it demonstrate, any prejudice to support a delay of consideration of Highmark's Motion.  Its purported legal support is either wholly inapplicable or affirmatively undercuts Allcare's plea for a stay.

WHEREFORE, for the forgoing reasons and as more fully set forth above, Highmark Inc. asks that Allcare's Motion be denied and Allcare be ordered to file any response to Highmark's Motion within ten days from the entry of this Court's order disposing of Allcare's Motion.

Respectfully submitted,


By: **/s/ *Kevin S. Katona*_____**
   Cynthia E. Kernick
   Pa. ID #43912
   Kevin S. Katona
   Pa. ID #91651

   REED SMITH LLP
   435 Sixth Avenue
   Pittsburgh, PA  15219
   (412) 288-4176

   Eugene LeDonne
   N.Y. ID No. 2923258
   REED SMITH LLP
   599 Lexington Avenue
   29th Floor
   New York, NY, 10022

   and

Craig B. Florence
Texas State Bar No. 07158010
Robert Slovak
Texas State Bar No. 24013523
GARDERE WYNNE SEWELL L.L.P.
1601 Elm Street, Suite 3000
Dallas, TX 75201
(214) 999-3000

Counsel for Plaintiff Highmark, Inc.

Dated:  November 21, 2008

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 21, 2008, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Joseph F. Cleveland, Jr.
Brackett & Ellis, P.C.
100 Main Street
Fort Worth, Texas  76102-3090

Steven G. Hill, Esquire
Hill, Kertscher & Wharton, LLP
3350 Riverwood Parkway
Suite 800
Atlanta, Georgia  30339

V. Bryan Medlock, Esquire
Sidley Austin Brown & Wood LLP
717 North Harwood, Suite 3400
Dallas, Texas 75201

R. Darryl Burke
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201


*/s/ Kevin S. Katona*
Counsel for Plaintiff Highmark, Inc.