IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HIGHMARK, INC., | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. 4: 03-CV-1384-Y |
| ALLCARE HEALTH MANAGEMENT SYSTEM, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MOTION TO ENTER ORDER VACATING SANCTIONS
AGAINST V. BRYAN MEDLOCK, JR. AND SIDLEY AUSTIN LLP
IN ACCORDANCE WITH AUGUST 9, 2010 OPINION AND ORDER**

V. Bryan Medlock, Jr. and Sidley Austin LLP ("Medlock") respectfully request the Court to enter an order vacating sanctions against them, in accordance with the Court's August 9, 2010 Opinion and Order. Given the procedural posture of the case, and the current status of the April 30 notice of appeal, this Court has jurisdiction to vacate its prior sanctions order, and movants request that the Court do so.

**Procedural History and Requested Relief**

On March 31, 2010, the Court issued its Opinion and Order Granting Motion for Exceptional Case Finding and Attorneys' Fees ("Sanctions Order") (Dkt 564), which imposed sanctions against various counsel, including Medlock. On April 1, the Court corrected a clerical error in the Sanctions Order. (Dkt 566) On April 28, Medlock timely moved to alter or amend the Sanctions Order pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"), seeking to vacate the sanctions imposed against Medlock. (Dkt 590) Other sanctioned counsel also filed motions to reconsider the Sanctions Order.

On April 30, as a precautionary measure, Medlock filed a Notice of Appeal to the Federal Circuit appealing the Sanctions Order. (Dkt 604) It does not appear from the District Court's docket sheet that the Notice of Appeal was transmitted to the Federal Circuit. In any event, the appeal was never docketed in the Federal Circuit.[1] On May 4, pursuant to the Federal Circuit Practice Notes, Medlock notified the Federal Circuit by letter that the Rule 59(e) motions were pending in this Court. On the same date, Medlock gave notice in this Court of the correspondence with the Court of Appeals. (Dkt 611)

On May 6, 2010, this Court granted the Rule 59(e) Motion in part and ordered Medlock and other sanctioned counsel to show cause why they should not be sanctioned. (Dkt 612) On May 26, Medlock filed its Response to the May 6 show-cause order. (*see* Dkt 618) On August 9, the Court issued its Opinion and Order Reconsidering and Vacating Sanctions. (Dkt 633) The Court vacated sanctions against Steven Hill and his firm, Joseph Cleveland and his firm, and McKool Smith LLP and associated attorneys. The Court also stated its intent to vacate the sanctions imposed against Medlock, but questioned its jurisdiction to do so. The August 9 Opinion and Order says:

> The Court notes that Medlock has already filed a notice of appeal, and that he filed his motion for reconsideration after that notice. "Generally, a notice of appeal divests the district court of jurisdiction over the judgment or order that is the subject of the appeal." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 578 (5th Cir. 1996). But a district court may seek leave from the court of appeals to entertain a motion to reconsider, *Shepherd v. International Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004), and this Court hereby seeks such leave of the Federal Circuit. Once leave is sought, the appellant may file a motion to remand so that the district court may grant reconsideration. *See id*.

---

[1] An August 10, 2010, electronic search of the Federal Circuit's docket through the PACER system confirmed that the appeal had not been docketed. Medlock's counsel also called the Federal Circuit Clerk's Office on August 10, 2010, to confirm that no appeal had been docketed. Because the appeal has not been docketed, there is no appellate case for Medlock to address by a motion to remand or otherwise.

> In the event Medlock does so, and his case is remanded to this Court, the sanctions imposed on Medlock will be vacated.

August 9 Opinion and Order at 50.

As detailed below, this Court in fact has jurisdiction now to vacate the sanctions against Medlock. The Federal Rules of Appellate Procedure and applicable case law make clear that a timely filed motion under Rule 59 automatically suspends the effect of a notice of appeal until the district court disposes of the motion. The district court has jurisdiction to grant the motion without resorting to the indicative ruling procedure referenced in the August 9 Opinion and Order. Moreover, Medlock has filed notice of the withdrawal of its April 30 notice of appeal and moved to voluntarily dismiss the appeal under Fed. R. App. P. 42(a). Medlock respectfully requests that the Court vacate the sanctions imposed on Medlock without further proceedings.

## Argument

Federal Rule of Appellate Procedure 4(a)(4)(B)(i) provides that if a party files a notice of appeal before the district court disposes of a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) (or any other motion listed in Rule 4(a)(4)(A)), the notice "becomes effective . . . when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(B)(i). Thus, a timely-filed motion pursuant to Rule 59(e) "will suspend the effect of a notice of appeal" until the district court rules on the motion. 12 James W. Moore, Moore's Federal Practice § 62.1.10[2] (3d ed. 2004). "The district court has authority to grant [the motion] . . ., even if a notice of appeal has been filed or the appeal has been docketed, without resorting to the indicative ruling procedure." 12 James W. Moore, Moore's Federal Practice § 62.1.10[2] (3d ed. 2004).

A timely-filed motion listed in Fed. R. App. P. 4(a)(4)(A), such as a motion to alter or amend under Rule 59(e), suspends a notice of appeal until the district court disposes of the

relevant motion. Fed. R. of App. P. 4(a)(4)(B)(i).[2] Both the Federal Circuit and the Fifth Circuit have addressed this issue. For instance, in *Ross v. Marshall*, the Fifth Circuit ruled that a timely filed motion listed in Rule 4(a)(4)(A) "suspends or renders dormant a notice of appeal until all such motions are disposed of by the trial court." 426 F.3d 745, 751-52 (5th Cir. 2005). "This holds true regardless of whether the motion was filed before or after the notice of appeal." *Id*. at 751-52  In *Ross*, a judgment was entered August 20; the judgment debtor filed a notice of appeal September 3; a motion to intervene was filed September 3; and the judgment debtor filed a Rule 59 motion on September 4, which the court denied September 15. The Fifth Circuit held that the timely filed Rule 59(e) motion suspended the effect of the notice of appeal such that the district court had jurisdiction on September 12 to decide the motion to intervene, before disposing of the Rule 59 motion three days later. *Id.* at 752.[3]

The cases cited in this Court's August 9 Opinion and Order are not to the contrary. *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co*., 73 F.3d 546, 578 (5th Cir. 1996), did not involve a Rule 59(e) motion or other post-judgment motion listed in Fed. R. App. P. 4. Instead, the Fifth Circuit found that Rule 62(c) provided an exception to the general rule that a notice of

---

[2] Here, Medlock's Rule 59 Motion remains pending, as the Court resolved the motion only in part on May 6 and did not grant or deny the requested relief in its August 9 Opinion and Order.

[3] The Federal Circuit applied the same rule in two unpublished and non-precedential opinions. In *Board of Trustees of Bay Medical Center v. Humana Military Healthcare Services, Inc*., the Federal Circuit recognized that where a party timely files a motion to alter or amend under Rule 59(e), a notice of appeal "does not become effective until the order disposing of the motion for reconsideration is entered." 123 Fed. Appx. 995, *2 (Fed. Cir. 2005). In that case, a district court order issued on March 16; a party moved for reconsideration on March 30, and the same party filed a notice of appeal on April 15. On April 19, the district court denied the motion for reconsideration as moot on the ground that the notice of appeal had divested the district court of jurisdiction. The Federal Circuit concluded that the district court erred when it "mistakenly found the notice of appeal divested the court of jurisdiction." *Id*. at *3. "Under Fed. R. App. P. 4(a)(4)(B)(i), the notice of appeal was not effective until the district court had disposed of the motion for reconsideration on the merits. . . . [The district court] retained jurisdiction until the merits of the motion were passed upon." *Id. See also Typeright Keyboard Corp. v. Microsoft Corp*., 251 F.3d 169, 2000 WL 1897297, *1 (Fed. Cir. 2000) ("Typeright's notice of appeal, filed after judgment was entered but before the district court ruled on the Rule 60(b) motion, did not become effective until the order disposing of the Rule 60(b) motion was entered.").

**MOTION TO ENTER ORDER VACATING SANCTIONS**
**AGAINST V. BRYAN MEDLOCK, JR. AND SIDLEY AUSTIN LLP**
**IN ACCORDANCE WITH AUGUST 9, 2010 OPINION AND ORDER**                                                              **PAGE 4**

appeal divests the district court of jurisdiction and allowed the district court to modify an injunction after the filing of a notice of appeal.

In *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004), the Fifth Circuit recognized that pursuant to Fed. R. App. P. 4(a)(4)(A), a district court retains jurisdiction to grant a timely filed motion under Rule 60(b), even though a notice of appeal has been filed. *Id.* at 329 n.2. In that case, however, the plaintiffs conceded that Fed. R. App. P. 4 was inapplicable, because the Rule 60(b) motion was *not* timely filed. By filing out of time, "plaintiffs did not delay the effective date of their notice of appeal and did not extend the district court's jurisdiction." *Id.*

Here, Medlock timely filed a motion pursuant to Fed. R. Civ. P. 59(e). That rule requires filing within 28 days after entry of judgment. Medlock's Rule 59(e) motion, filed April 28, 2010, was filed within 28 days of the Sanctions Order, which issued March 31, 2010. Under the Rules and applicable case law, the effect of the Rule 59(e) motion was to delay the effective date of the notice of appeal until after the motion is fully disposed of. In fact, the appeal was never even docketed in the Court of Appeals. Accordingly, without any further proceedings, this Court has jurisdiction to fully grant the relief requested by Medlock's Rule 59(e) motion and vacate the sanctions imposed against Medlock.

Moreover, Medlock has today filed in this Court a notice of withdrawal of the Notice of Appeal that Medlock filed April 30, 2010, and a motion for voluntary dismissal of its appeal. "Before an appeal has been docketed by the circuit clerk, the district court may dismiss the appeal . . . on the appellant's motion with notice to all parties." Fed. R. App. P. 42(a). Further, Medlock is simultaneously notifying the Federal Circuit that the Notice of Appeal has been withdrawn in light of the Court's August 9 Opinion and Order.

**Prayer**

This Court has jurisdiction to enter the order vacating sanctions, notwithstanding the April 30 notice of appeal. And Medlock has now withdrawn the notice of appeal and moved to dismiss the appeal. For the reasons stated above, Mr. Medlock and Sidley Austin respectfully request that the Court vacate the sanctions against them and order the Court Clerk to refund the sanctions previously paid by them.

Dated:  August 11, 2010                             Respectfully submitted,


                                                    /s/ Timothy S. Durst
                                                    Rod Phelan
                                                    Texas State Bar No. 15899800
                                                    rod.phelan@bakerbotts.com
                                                    Timothy S. Durst
                                                    Texas Bar No. 00786924
                                                    tim.durst@bakerbotts.com
                                                    Jessica B. Pulliam
                                                    Texas State Bar No. 24037309
                                                    jessica.pulliam@bakerbotts.com
                                                    2001 Ross Avenue
                                                    Dallas, TX 75201
                                                    (214) 953-6500
                                                    (214) 953-6503 (Facsimile)

                                                    **ATTORNEYS FOR
                                                    V. BRYAN MEDLOCK, JR.
                                                    AND SIDLEY AUSTIN LLP**

## NOTE REGARDING CERTIFICATE OF CONFERENCE

No certificate of conference on this Motion is required or possible in light of the procedural posture of this case and the issues addressed by this Motion.

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above and foregoing was furnished to all counsel of record via the Court's Electronic Filing System, if they have consented to electronic service, or by e-mail, if they have not so consented.

/s/ Timothy S. Durst
Timothy S. Durst