```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                     FORT WORTH DIVISION


HIGHMARK, INC.                  §
                                §
VS.                             §   CIVIL ACTION NO. 4:03-CV-1384-Y
                                §
ALLCARE HEALTH MANAGEMENT       §
SYSTEMS, INC.                   §
```

ORDER ON REMAND

This patent case comes back to the Court on remand from the United States Court of Appeals for the Federal Circuit. In 2010, this Court concluded that this case was exceptional and awarded attorney's fees under 35 U.S.C. § 285. The Federal Circuit, applying *de novo* review, affirmed the Court's exceptional-case finding with respect to one claim but reversed and remanded with respect to the second claim. *Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.* (*Highmark I*), 687 F.3d 1300, 1311, 1315 (Fed. Cir. 2012). The Supreme Court granted certiorari.

Based on its recent decision in *Octane Fitness, LLC v. Icon Health & Fitness Inc.*, 134 S. Ct. 1749 (2014), the Supreme Court vacated the Federal Circuit's decision and held that a district court's exceptional-case determination should be reviewed for abuse of discretion rather than *de novo*. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc. (Highmark II)*, 134 S. Ct. 1744, 1749 (2014). The Supreme Court remanded the case to the Federal Circuit for review under the proper standard. *Id.*

While *Highmark II* established the standard of review to be applied when reviewing a district court's exceptional-case determination, *Octane*, which was decided on the same day, articulated the legal standard to be applied by the district court when making such a

determination. *Octane* rejected the framework established by the Federal Circuit in *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005). Under the *Brooks* framework, "absent misconduct in the course of the litigation or in securing the patent, sanctions [could] be imposed against the patentee only if two separate criteria [were] satisfied: (1) the litigation [was] brought in subjective bad faith, and (2) the litigation [was] objectively baseless." *Highmark I*, 687 F. 3d at 1309 (citing *Brooks*, 393 F.3d at 1381). In contrast to the more rigid *Brooks* framework, the standard announced in *Octane* provides a district court with discretion to make an exceptional-case finding based on the "totality of the circumstances." *Octane*, 134 S. Ct. at 1756.

On remand from the Supreme Court, the Federal Circuit determined that this Court should be given the opportunity to revisit its exceptional-case finding with respect to claim 52 in light of the new standard announced in *Octane*. The Federal Circuit explained, however, that "the district court need not revisit its finding with respect to claim 102," which the appellate court had previously upheld under the more rigorous *Brooks* standard. *Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.*, 577 Fed. App'x 995, 997 (Fed. Cir. 2014).

This Court requested supplemental briefing from plaintiff Highmark, Inc. ("Highmark"), addressing the impact of *Octane* on this Court's exceptional-case finding. Defendant Allcare Health Management Systems, Inc. ("Allcare"), was given an opportunity to file a response, and Highmark filed a reply. With the benefit of the arguments raised in the parties' supplemental briefing, the Court now reconsiders its exceptional-case finding under *Octane* with respect to claim 52.

As the Supreme Court explained in *Octane*, an "exceptional" patent case is one that "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane*, 134 S. Ct. at 1756. Allcare's conduct over the course of this case certainly "stands out" to the Court. Indeed, in its previous order finding the case to be exceptional, the Court observed that "Allcare's conduct was not part of normal litigation conduct." (Doc. 566 at 35.)

The factual findings supporting the Court's observation, which were not disturbed on appeal, are more than sufficient to support an exceptional-case finding under the standard announced in *Octane*. In particular, the Court found that Allcare: (1) failed to perform an adequate pre-filing investigation into its infringement claims, (2) ignored information it learned pre-filing about Highmark's system that cast doubt on Allcare's claims of infringement, (3) maintained its infringement claims well after such claims had been shown by its own experts to be without merit and for the express purpose of maintaining leverage against Highmark, (4) used a phony informational survey to identify Highmark and other companies as targets from which licensing fees could be demanded and litigation threatened, (5) asserted meritless defenses of res judicata and collateral estoppel that its attorneys knew to be frivolous, (6) shifted its claim construction without leave of Court and after the deadline set out in this Court's scheduling order, and (7) made misrepresentations to the Western District of Pennsylvania in connection with the transfer of the case to this Court.

The conduct summarized above provides ample foundation for an exceptional-case finding and a fee award under § 285 applying the standard set out in *Octane*. Allcare's conduct and litigating positions "stand out" to the Court today as exceptional just has they did when the Court made its original § 285 determination. Accordingly, this Court reaffirms is prior finding that this is an exceptional case and reissues the entirety of its award of fees and expenses to Highmark.[1]

Highmark shall recover attorneys's fees in the amount of $4,694,727.40 and $209,626.56 in expenses.[2] Highmark shall also recover expert fees and expenses in the amount of $375,400.05. Interest shall accrue on these amounts, beginning April 1, 2010, at a rate of 0.42% pursuant to 28 U.S.C. § 1961.

SIGNED June 23, 2015.

*[signature: Terry R. Means]*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[1] As Highmark points out, Allcare challenged this Court's finding that the case was exceptional, but it did not raise any issue regarding the amount or apportionment of the fees and expenses awarded.

[2] The breakdown is as follows:

**Reed Smith:** $ 4,491,196.80 in attorneys' fees and $193,833.5 in expenses;
**Gardere Wynne:** $203,530.60 in attorneys' fees and $15,793.06 in expenses;
**Mark Gleason:** $253,671.25 in expert fees and $3,583.89 in expenses; and
**Jeremy Nobel:** $108,625.00 in expert fees and $9,519,91 in expenses.

4